No. 24-5185

IN THE

# United States Court of Appeals for the Sixth Circuit

———————————

INNOVATIVE WATER CARE, LLC,

*Plaintiff-Appellee,*

v.

OLIN CORPORATION,

*Defendant-Appellant.*

———————————

On Appeal from the United States District Court for
the Eastern District of Tennessee, No. 1:24-cv-00068
Honorable Travis R. McDonough

———————————

## DEFENDANT-APPELLANT'S MOTION
## FOR EXPEDITED BRIEFING AND ARGUMENT

Defendant-Appellant Olin Corporation, pursuant to Sixth Circuit Rules 27(f) and 31(c)(2)(A), respectfully moves this Court for an Order expediting briefing and argument in this appeal of a preliminary injunction under 28 U.S.C. § 1292(a)(1).

In support of this Motion, Olin states the following:

1.    This appeal from a preliminary injunction presents a property and contract dispute between the owners of neighboring parcels who share a commercial relationship.  The dispute centers on the use of discharge pipes owned by Olin, but running under both parties' parcels. Plaintiff Innovative Water Care, LLC (IWC) uses the pipes to direct environmental waste from its operations under its own property, under Olin's property, and into Olin's settlement ponds on Olin's property.  IWC previously paid Olin for this service, but the contract under which those payments were made as been terminated, and the termination is not in dispute.  As a result of the district court's order, Olin is currently being compelled to process IWC's environmental waste without remuneration to Olin.  (Memorandum Opinion, R. 29, Page ID ## 952-956).

2.    On February 27, 2024, the district court entered an Order and Memorandum Opinion on IWC's motion for preliminary injunction. (Mot. for Preliminary Injunction, R. 7, Page ID ## 114-121; Memorandum Opinion, R.29, Page ID ## 952-970).  The Order rests in part upon theories "not explicitly discussed in the briefing or at the preliminary

injunction hearing," and facts the district court opined were "fair to assume." (Memorandum Opinion, R. 29, Page ID # 963).

3.    The district court granted a preliminary injunction that obligates Olin to continue to process IWC's waste and enjoins Olin from taking actions to prevent IWC's use of the discharge pipes.  Specifically, Olin is enjoined from (1) interfering with IWC's use of a purported easement to use Olin's discharge pipes, (2) amending a permit for discharging pollutants in any way that would render obsolete an easement for IWC's use of Olin's discharge pipes, (3) installing and using Olin's new pipe system without providing IWC with access to another suitable system at Olin's expense, or (4) terminating any real-estate license agreement or removing any equipment installed by "Solenis," an affiliate of IWC whose name is occasionally used interchangeably with IWC.  (Memorandum Opinion, R. 29, Page ID ## 952-969).  In practical terms, Olin is required, by the court's order, to process IWC's industrial waste without compensation for the duration of the current proceedings, effectively reversing the undisputed termination of the parties' prior agreement.

4.     Olin filed its Notice of Appeal on March 1, 2024.  (Notice of Appeal, R. 31, Page ID ## 971-972).

5.     This Court issued a briefing letter on March 6, 2024.  Under the current briefing schedule, Appellant's Principal Brief and Appendix must be filed electronically by April 15, 2024; Appellee's Principal Brief and Appendix must be filed by May 15, 2024; and Appellant's Reply Brief must be filed no later than 21 days after the last appellee brief is filed. Briefing Letter, Dkt. No. 12 (March 6, 2024).

6.     Good cause exists to expedite briefing and argument in this case.  Foremost, Olin's request is consistent with this Court's local rules, which contemplate expedition of appeals from preliminary injunctions. *See* 6 Cir. R. 31(c)(2)(A); 34(c)(2).   The Court's Internal Operating Procedures further "direct" issuance of "expedited argument or submission on briefs" in "appeals from orders denying or granting preliminary or temporary injunctions."  6 Cir. I.O.P. 28(c).

7.     In addition, Olin will be subject to ongoing and irreparable harm through the pendency of the preliminary injunction.  First, Olin will be prevented from exercising control over its own property with respect to the pipes it indisputably owns under IWC's property,

4

frustrating its efforts to modify the discharge pipe system and reduce the amount of waste it treats. (Memorandum Opinion, R. 29, Page ID # 969). Second, Olin will be forced to continue receiving in its own ponds the environmental waste of IWC. (Memorandum Opinion, R. 29, Page ID # 969). Third, Olin will be required not only to receive IWC's waste but to treat that waste without remuneration—a task for which IWC previously compensated Olin under the now-terminated agreement. (Memorandum Opinion, R. 29, Page ID ## 953-956).

8.    The district court did not dispute the existence of these irreparable harms. (Memorandum Opinion, R. 29, Page ID # 967). Rather than dispute the harm to Olin, the court concluded that the balance of the harms favored IWC. (Memorandum Opinion, R. 29, Page ID # 967). Olin disagrees. But even if the balance of harms favored IWC, the existence of irreparable harm to Olin would counsel in favor a prompt resolution of this appeal.

9.    Finally, although a full argument on the merits is premature, expedition is supported by the district court's error in resting its decision, at least in part, on arguments that were neither raised nor discussed by the parties in briefing or at the preliminary injunction hearing. As noted

above, the district court, itself, recognized this point in its Memorandum Opinion. (Memorandum Opinion, R. 29, Page ID # 963). Decades of well-established authority instruct that "courts do not typically issue rulings on matters not brought to their attention by the parties, and in some instances, it may even be improper for courts to do so." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 609-10 (6th Cir. 2007) (citing *Galvan v. Ala. Dep't of Corr.*, 397 F.3d 1198, 1204 (9th Cir.2005)); *see MBI Motor Co., Inc. v. Lotus/East, Inc.*, 506 F.2d 709 (6th Cir. 1974) (the Sixth Circuit vacated the judgment of the district court because lower court's decision was based on a legal theory that had not been raised by either party). As one court within the Sixth Circuit succinctly explained, "it is not this Court's job to anticipate arguments and resolve issues that the parties themselves choose not to present or to ignore." *Samuels v. Allstate Prop. & Cas. Ins. Co.*, 310 F. Supp. 3d 847, 875 (E.D. Mich. 2018). This improper basis for the preliminary injunction issued below compounds the urgency of addressing the merits of the preliminary injunction here appealed, which is in itself recognized as a category of appeal that warrants expeditious review.

6

10.    For these reasons, Olin respectfully requests this Court to enter an order expediting the briefing schedule, as follows, and to schedule argument at the Court's earliest convenience:

     a. Appellant's Principal Brief and Appendix shall be filed electronically by March 21, 2024.

     b. Appellee's Principal Brief and Appendix shall be filed electronically by April 5, 2024.

     c. Appellant's Reply Brief shall be filed electronically no later than 14 days after Appellee's Principal Brief is filed.

11.    Olin's counsel has consulted with counsel for IWC and IWC opposes this motion.


Dated: March 8, 2024                Respectfully submitted,

                              */s/ Jonathan Y. Ellis*
                              Jonathan Y. Ellis
                              MCGUIREWOODS LLP
                              501 Fayetteville St.
                              Suite 500
                              Raleigh, NC 27601
                              (919) 755-6600
                              jellis@mcguirewoods.com

                              *Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,113 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

I further certify that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Century Schoolbook, 14-point font.

Dated: March 8, 2024                    */s/ Jonathan Y. Ellis*
                                        Jonathan Y. Ellis

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, I electronically filed the foregoing motion with the Clerk of the Court using the appellate CM/ECF system, which will also serve counsel of record.


Dated: March 8, 2024                    */s/ Jonathan Y. Ellis*
                                        Jonathan Y. Ellis