No. 24-5185

In The
# United States Court of Appeals for the Sixth Circuit

―――――――――――

INNOVATIVE WATER CARE, LLC,

*Plaintiff-Appellee,*

v.

OLIN CORPORATION,

*Defendant-Appellant.*

―――――――――――

On Appeal from the United States District Court for
the Eastern District of Tennessee, No. 1:24-cv-00068
Honorable Travis R. McDonough

―――――――――――

### REPLY BRIEF CONCERNING DEFENDANT-APPELLANT'S MOTION TO RECONSIDER ORDER EXTENDING PLAINTIFF-APPELLEE'S BRIEFING DEADLINE

IWC's opposition to Olin's motion for reconsideration incorrectly suggests that Olin's motion "misrepresent[ed]" the state of the parties' settlement negotiations in this case. It did not. Nevertheless, because Olin and IWC have recently reached a business-to-business understanding that may ultimately resolve this dispute, Olin withdraws

1

its motion for reconsideration of the order extending IWC's briefing deadline.

1. First, to correct the record: Nothing in Olin's motion misrepresented the status of settlement negotiations in this case. IWC states in its April 29 opposition brief that "[t]he parties have been in frequent contact with each other and the Circuit Mediator since" April 16. Doc. 24 at 2. That is wrong. Counsel for Olin informed the Circuit Mediator on the morning of April 17, 2024, that it rejected IWC's then-outstanding counteroffer and was not interested in pursuing mediation any further. Since then, neither Olin nor its counsel has had *any* contact with the Circuit Mediator. None.[1]

Nor have the parties otherwise been in frequent contact concerning this case. While the parties' business operations necessarily are in contact on an ongoing basis, neither undersigned counsel nor any other counsel for Olin in this matter had any contact with counsel for IWC—concerning settlement or otherwise—between (i) IWC's request for

---

[1] Olin has no reason to dispute (or confirm) that "*IWC's counsel* was in contact with the Circuit Mediator as recently as April 26." *Id.* (emphasis added). But nothing about that representation refutes *Olin's* representations.

extension of the briefing schedule on April 17 and (ii) IWC's opposition to Olin's motion for reconsideration.

2. That said, it is true that on April 29, 2024—the same day that IWC filed its opposition to Olin's pending motion—the CEOs of the two companies met to discuss the two companies' business dealings. *Cf.* Doc. 24 at 2-3. Undersigned counsel has been informed that the meeting was arranged at the request of IWC. Although that meeting was not proposed as settlement negotiations and no counsel for Olin in this matter was involved, the current lawsuit between the two companies unsurprisingly was discussed. Coming out of that meeting, undersigned counsel is informed that the parties are continuing to negotiate and have reached an understanding concerning the basic terms of an agreement that would, if finalized, resolve the underlying dispute. *See* Doc. 23 at 7 ("Olin will always remain willing to reengage on a fair, mutually agreeable path forward").

Nothing about these new negotiations means that Olin misrepresented anything by correctly stating that "no settlement negotiations [were] ongoing" when the motion was filed. Doc. 23 at 7.

But in light of these renewed conversations, Olin withdraws its motion for reconsideration.

| | |
|---|---|
| Dated: May 3, 2024 | Respectfully submitted,<br><br>*/s/ Jonathan Y. Ellis*<br>Jonathan Y. Ellis<br>MCGUIREWOODS LLP<br>501 Fayetteville St.<br>Suite 500<br>Raleigh, NC 27601<br>(919) 755-6600<br>jellis@mcguirewoods.com<br><br>Joshua D. Wade<br>MCGUIREWOODS LLP<br>800 E. Canal St.<br>Richmond, VA 23219<br>(804) 775-4388<br>jwade@mcguirewoods.com<br><br>*Counsel for Appellant* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 439 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Century Schoolbook, 14-point font.

Dated: May 3, 2024　　　　　　　　　　　*/s/ Jonathan Y. Ellis*
　　　　　　　　　　　　　　　　　　　　Jonathan Y. Ellis

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2024, I electronically filed the foregoing brief with the Clerk of the Court using the appellate CM/ECF system, which will also serve counsel of record.

Dated: May 3, 2024                              */s/ Jonathan Y. Ellis*
                                                Jonathan Y. Ellis